UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| ROBERT L. ERICKSON,<br><br>Movant,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | 3:16-CV-03015-KES<br><br><br>ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE |

Petitioner, Robert L. Erickson, moves to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Docket 1.[1] The government opposes the motion and moves to dismiss without holding an evidentiary hearing. Docket 32. For the following reasons, the court grants the government's motion and dismisses Erickson's petition.

## BACKGROUND

A more detailed recitation of the facts can be found in the Eighth Circuit Court of Appeals' consideration of Erickson's direct appeal. *United States v. Erickson*, 610 F.3d 1049, 1051-52 (8th Cir. 2010). The facts most relevant to the claims at hand are as follows.

---

[1] Within this opinion, the court cites to documents in Erickson's civil habeas case by citing the court's docket number for that document. The court will cite to "Cr." when citing to documents filed in Erickson's criminal case found at 3:08-CR-30009-KES-01.

Erickson faced five charges of assault stemming from "two incidents that occurred at Sherry Erickson's residence in Mission, South Dakota, between approximately November or December 2007 and January 2, 2008." *Id.* at 1051. On an evening in November or December 2007, Erickson and his girlfriend, Kendra Small Bear, were drinking at Sherry Erickson's residence. *Id.* An argument and a physical altercation ensued in an alley near the residence. *Id.* Erickson poked "Small Bear in the ear and stabbed her in the leg" with a knife. *Id.*

The second incident began on January 1, 2008, when Erickson attended a party at Sherry Erickson's residence. *Id.* At about 3:00 a.m. on January 2, Erickson began to argue with Anthony Kitteaux. *Id.* Erickson exited the residence to a front porch. *Id.* When Kitteaux followed Erickson and began to pull back a blanket separating the porch from the residence, Erickson slashed him across the face with a knife. *Id.* Eli Antoine, who had been inside the residence, then moved to the door. *Id.* Erickson slashed him as well, slicing the palm of Antoine's left hand and lacerating tendons and nerves. *Id.*

Erickson was charged with three counts of assault with a dangerous weapon. *Id.* Also, he was charged with two counts of assault resulting in serious bodily injury in connection with the January incident. *Id.* All offenses were joined in a single trial, and the district court denied Erickson's motion to sever. *Id.* at 1051-52. The jury found Erickson guilty of all four counts related to his stabbings of Kitteaux and Antoine but only found him guilty of the lesser included offense of simple assault related to the stabbing of Small Bear. *Id.* at

2

1052. Erickson was sentenced to 110 months in custody on each charge of assault committed against Antoine and 360 months in custody on each charge of assault committed against Kitteaux. Cr. Docket 138 at 2. He was also sentenced to six months in custody for his assault of Small Bear. *Id.* All sentences were to run concurrently. *Id.* The court imposed a fine of $500 on each count. *Id.* at 5.

On direct appeal, Erickson argued that the court erred in admitting hearsay testimony and in refusing to sever the charge stemming from the assault of Small Bear. *Erickson*, 610 F.3d at 1050. On July 10, 2010, the Eighth Circuit Court of Appeals affirmed the court's decision on both issues, finding that any hearsay that had been admitted was harmless error and that the district court did not abuse its discretion in denying the motion to sever. *Id.* at 1054, 1056.

Erickson filed a *pro se* motion to extend the deadline to file a § 2255 petition on July 15, 2011, alleging that discovery had been withheld from him. Cr. Docket 165. The court denied this motion for lack of jurisdiction. Cr. Docket 166. Erickson then filed a *pro se* § 2255 petition on April 4, 2016, alleging five grounds for relief. Docket 1 at 5-12. He alleged that his Sixth, Eighth, and Fourteenth Amendment rights were violated under *Alleyne v. United States*, 570 U.S. 99 (2013). *Id.* at 5-6. He alleged that his sentence violated the Due Process Clause of the Constitution, citing *Johnson v. United States*. *Id.* at 6-8. Erickson also alleged that his trial and appellate counsel were ineffective in violation of the Sixth Amendment for several reasons,

3

including failure to object to prosecutorial misconduct at grand jury hearings, failure to challenge the threatening of witnesses, failure to attempt to access jail phone records, comments made by defense counsel that revealed her racial bias, failure to object to double jeopardy, and failure to raise sufficient evidence of actual innocence on direct appeal. *Id.* at 8-11; Docket 35 at 11. Last, Erickson asserted his innocence as a claim. Docket 1 at 8, 10.

Erickson was appointed an attorney, who filed a voluntary dismissal of his claims after the decision in *Beckles v. United States*, which rendered *Johnson* inapplicable to Erickson. Docket 16; *see also Beckles v. United States*, 137 S. Ct. 886, 890 (2017) (holding that the Federal Sentencing Guidelines are not subject to vagueness challenges under the Due Process Clause). After this dismissal was granted, Erickson filed a *pro se* motion to reopen time to file a notice of appeal. Docket 18. Erickson's motion was granted, and the district court issued a certificate of appealability on the issue of whether the court erred in dismissing the additional claims other than the *Johnson* claim. Dockets 24, 25. The Eighth Circuit then vacated the dismissal and remanded Erickson's § 2255 petition to the district court to proceed on the remaining claims. Docket 29.

## LEGAL STANDARD

A § 2255 motion is the "statutory analogue of habeas corpus for persons in federal custody." *Poor Thunder v. United States*, 810 F.2d 817, 821 (8th Cir. 1987). A federal prisoner may seek relief from his sentence on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United

4

States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" § 2255(a); *see also Hill v. United States*, 368 U.S. 424, 426-27 (1962). Relief may be granted under § 2255 only for "transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *Walking Eagle v. United States*, 742 F.3d 1079, 1081-82 (8th Cir. 2014) (internal quotation omitted).

## DISCUSSION

### I. Sixth and Fourteenth Amendment Sentencing Claims

Erickson alleges that his Sixth and Fourteenth Amendment rights were violated when the court issued a thirty-year sentence after his conviction. Docket 1 at 5. *Alleyne* held that "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury." 570 U.S. at 103. Erickson initially argued that his sentence, which relied on factual determinations that increased his mandatory minimum period of incarceration, violated his Sixth Amendment right to a jury and his Fourteenth Amendment right to due process. Docket 1 at 5. Later, Erickson acknowledged in a brief that the Eighth Circuit has held that the ruling in *Alleyne* does not apply retroactively and that he is not entitled to relief under *Alleyne*. Docket 35 at 7-8; *see also Walker v. United States*, 810 F.3d 568, 575 (8th Cir. 2016) ("We now join those circuit courts holding that even if *Alleyne* announced a new constitutional rule, that rule does not apply retroactively on collateral review.").

5

Erickson was sentenced in 2009, seven years before *Alleyne*. Cr. Docket 138. Thus, Erickson has no possible relief on these grounds.

## II.     Eighth Amendment Claim

Erickson alleges that his Eighth Amendment right to be free of cruel and unusual punishment was violated because only a jury could impose a thirty-year sentence. Docket 1 at 6. Erickson repeats his argument under *Alleyne* here. *Id. Walker* precludes this claim as well. *See Walker*, 810 F.3d at 575.

Erickson also makes a separate argument under the Eighth Amendment, but this claim is untimely. A § 2255 petition has a one-year statute of limitations. 28 U.S.C. § 2255(f). Erickson has not been prevented from making this motion, does not assert a right newly recognized by the United States Supreme Court, and makes no showing that this claim relies on facts that could not be discovered through due diligence until a date later than when this ruling became final. *See* § 2255(f)(2)-(4). Thus, the statute of limitations began to run ninety days after the Eighth Circuit Court of Appeals's ruling became final. § 2255(f)(1); *see also United States v. Hernandez*, 436 F.3d 851, 856 (8th Cir. 2006) (recognizing that a conviction becomes final ninety days after the Eighth Circuit's ruling on direct appeal).

The Eighth Circuit Court of Appeals issued its formal mandate on August 4, 2010. Cr. Docket 164. As a result, the ruling became final on November 2, 2010, and the claim was barred by the one-year limit on November 2, 2011. Erickson did file a *pro se* motion to extend the deadline to file a § 2255 petition on July 15, 2011, but that motion did not include any allegation of an Eighth

6

Amendment violation. Cr. Docket 165. The issue was first raised in Erickson's § 2255 motion filed on April 4, 2016. Docket 1 at 6.

Alternatively, Erickson relies on *Montgomery v. Louisiana*, 136 S. Ct. 718, 736 (2016), which afforded retroactive collateral review to certain petitioners. Docket 1 at 6. Although *Montgomery* was decided by the Supreme Court within a year of Erickson's 2016 petition, it only applied to juveniles convicted of homicide offenses and subject to mandatory life sentences. *See Montgomery*, 136 S. Ct. at 725. Thus, it does not provide Erickson with a newly recognized right under § 2255(f)(3), and Erickson's Eighth Amendment claim is untimely. Additionally, in Erickson's most recent brief, he admits that the Eighth Amendment issue is not timely before this court. Docket 35 at 9.

### III.  Ineffective Assistance of Counsel Claims

Erickson alleges various actions of his trial and appellate counsel constituted ineffective assistance of counsel in violation of his Sixth Amendment rights. Summarized, Erickson makes six allegations:

1. Failure of trial counsel to object to prosecutorial misconduct at grand jury hearings.

2. Failure of trial counsel to challenge the threatening of witnesses.

3. Failure of trial counsel to attempt to access jail phone records.

4. Comments made by trial counsel that revealed her racial bias.

5. Failure of trial counsel to object to double jeopardy.

6. Failure of appellate counsel to raise sufficient evidence of actual innocence on direct appeal.

Docket 1 at 8-11; Docket 35 at 11.

7

## A. Legal Standard for Ineffective Assistance of Counsel Claims

To establish ineffective assistance of counsel, a petitioner must meet the two-pronged standard articulated by the Supreme Court in *Strickland v. Washington. See* 466 U.S. 668, 687 (1984). "First, the [petitioner] must show that counsel's performance was deficient." *Id.* This "performance prong" requires the petitioner to show that counsel's representation "fell below an objective standard of reasonableness." *Id.* at 688. To show deficiency, the petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. This court must assess "whether counsel's assistance was reasonable considering all the circumstances." *Id.* at 688.

There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the [petitioner] must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' " *Id.* at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)). "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690. Ordinarily, the Eighth Circuit "consider[s] strategic decisions to be virtually unchallengeable unless they are based on deficient investigation[.]" *Link v. Luebbers*, 469 F.3d 1197, 1204 (8th Cir. 2006).

"Second, the [petitioner] must show that the deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687. This "prejudice prong"

requires the petitioner to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* In other words, "[i]t is not enough for the [petitioner] to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693. Thus, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691.

### B. Timeliness of Claims

Respondent argues that Erickson's ineffective assistance of counsel claims are untimely. Docket 34 at 5-6. A § 2255 motion is timely if it is filed within one year of "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." § 2255(f)(4). A petitioner "must show the existence of a new fact, while also demonstrating [he] acted with diligence to discover the new fact." *E.J.R.E. v. United States*, 453 F.3d 1094, 1097 (8th Cir. 2006).

In his motion on July 15, 2011, Erickson claimed that his trial counsel repeatedly failed to provide documents and discovery that he needed to bring ineffective assistance of counsel claims. Cr. Docket 165 at 2. Erickson now argues that his recently accessed files constitute a "new fact" that triggers § 2255(f)(4) and that his attempts to access those files demonstrate due diligence. Docket 35 at 9-10. Although Erickson does not state precisely when he gained access to these files and does not cite with specificity which new

9

facts were discovered in them, the court will determine his ineffective assistance of counsel claims because they can be quickly resolved on the merits.

**C. Trial Counsel Claims One Through Five**

Erickson argues that the failure of his counsel to move to dismiss the charges because of prosecutorial misconduct during grand jury hearings constitutes ineffective assistance of counsel. Docket 1 at 8-9. According to Erickson, prosecutors threatened, coached, badgered, and led witnesses during grand jury hearings. *Id.* Erickson alleges that Kitteaux was under threat while testifying. *Id.* at 8. He bases this allegation on inconsistencies in Kitteaux's testimony, arguing that Kitteaux first claimed he was punched, not stabbed, and that Kitteaux had some difficulty recalling when he had seen Erickson. *Id.* at 8-9. He also claims that Kitteaux and Antoine both swore they were threatened by the government in their attached affidavits. *Id.* at 9. Antoine wrote that "government officials forced [him] to court; they issued a warrant and abducted me off 'Indian Country' and then declared [him] hostile on the stand." Docket 1-1. Kitteaux expressed a desire not to testify further or pursue charges against Erickson but made no mention of threats. Docket 1-2.

In total, these allegations do not suggest sufficient prosecutorial misconduct to constitute ineffective assistance of counsel for failing to move to dismiss the indictment. "[I]f there is no reasonable probability that the motion would have been successful, [petitioner] cannot prove prejudice." *DeRoo v. United States*, 223 F.3d 919, 925 (8th Cir. 2000). Erickson fails to show that

10

there is a reasonable probability that the motion to dismiss would have been successful. While Kitteaux's testimony was inconsistent on certain facts, this does not suggest threats or misconduct. Forcing a witness to testify and declaring him hostile are common prosecutorial tactics that are not misconduct. The victims' affidavits may contradict their testimony, but this does not suggest misconduct to the extent that there is a reasonable probability that the motion to dismiss would have succeeded. Thus, Erickson fails to show prejudice and cannot be afforded relief on this claim.

Erickson next argues that failure to object to prosecutorial misconduct at trial constitutes ineffective assistance of counsel. Docket 1 at 9. Erickson largely repeats the accusations of misconduct at grand jury hearings, alleging that witnesses were threatened, coached, badgered, led, and forced to testify. *Id.* at 8-9. Again, none of the allegations suggest sufficient prosecutorial misconduct such that counsel's failure to object constitutes ineffective assistance of counsel. Because Erickson fails to show misconduct, any failure to object to misconduct cannot be ineffective assistance of counsel.

Erickson then argues that trial counsel's failure to subpoena a Winner jail recording of a phone call between him and Small Bear on August 9, 2008, constituted ineffective assistance of counsel. *See id.* at 10; Cr. Docket 96-2. Erickson believed that this phone call would help prove that the government had threatened witnesses. Docket 1 at 10. After trial counsel refused, Erickson filed a motion for issuance of a subpoena himself shortly before trial. Cr. Docket 96.

11

In her motion to withdraw, trial counsel provided a strategic explanation for her desire not to subpoena jail recordings. Cr. Docket 142 at 1. She believed that the recordings would provide evidence that it was Erickson who was tampering with witnesses, rather than the government, and this evidence would ultimately hurt him. *Id.* This is sound legal strategy, especially given that the government stated at sentencing that there was an open investigation against Erickson for witness tampering based on his conduct while in jail, including a phone call made to Small Bear. Cr. Docket 154 at 16-17. As sound legal strategy, counsel's refusal to subpoena the recording is virtually unchallengeable and does not constitute deficient performance. *See Link*, 469 F.3d at 1204.

Erickson also argues that trial counsel made racially biased comments that rendered her assistance ineffective. Docket 1 at 10. Erickson, a Native American, claims that counsel described the case as Native Americans "getting hurt over a jug of whiskey." *Id.* Trial counsel did make comments along these lines at a motion for change of legal counsel hearing, but these comments were counsel's attempt to explain potential juror bias to Erickson. Cr. Docket 156 at 48-49. Counsel believed that Erickson was better off accepting a plea agreement, partially because of potential juror bias. *Id.* As such, counsel's statements were strategy and not deficient performance. *See Link*, 469 F.3d at 1204.

Erickson last argues that trial counsel was ineffective for failing to raise a violation of the Fifth Amendment's Double Jeopardy Clause when he was

12

charged with one count of assault with a dangerous weapon and one charge of assault resulting in serious bodily injury for the stabbings of Kitteaux and Antoine. Docket 35 at 11. "An indictment is multiplicitous if it charges the same crime in two counts." *United States v. Chipps*, 410 F.3d 438, 447 (8th Cir. 2005). "Demonstrating that an indictment violates the double jeopardy clause requires the defendant to show that the two offenses charged are in law and fact the same offense." *United States v. Two Elk*, 536 F.3d 890, 898 (8th Cir. 2008) (internal quotation omitted). There is no double jeopardy violation if each offense requires proof of an element not required by the other. *United States v. Carpenter*, 422 F.3d 738, 747 (8th Cir. 2005); *see also Blockburger v. United States*, 284 U.S. 299, 304 (1932) ("[T]he test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.").

The Eighth Circuit has already considered whether assault resulting in serious bodily injury and assault with a dangerous weapon are multiplicitous. *United States v. Eagle*, 586 F.2d 1193, 1196-97 (8th Cir. 1978). In *Eagle*, the Eighth Circuit Court of Appeals considered an argument similar to Erickson's argument and concluded that the offenses of assault resulting in serious bodily injury and assault with a dangerous weapon are "different as a matter of law" because each offense requires proof of an element that the other offense does not. *Eagle*, 586 F.2d at 1196. Thus, the Eighth Circuit has found that no multiplicity occurs when an indictment charges violations of both 18 U.S.C. §§ 113(a)(3) and 113(a)(6). *Id.* at 1197 ("The enactment of the statutes in

question over a period of years, and the provision by Congress for separate punishments, are compelling evidence that Congress intended the offenses to be different as a matter of law."); *see also United States v. Fay*, 668 F.2d 375, 379 (8th Cir. 1981).

"The elements of assault with a dangerous weapon are the defendant (1) assaulted the victim, (2) used a dangerous weapon, (3) acted with the intent to do bodily harm, (4) acted without just cause or excuse, (5) is an Indian, and (6) the offense occurred in Indian Country." *United States v. Youngman*, 481 F.3d 1015, 1020 (8th Cir. 2007). Assault with a dangerous weapon includes a "specific intent to do bodily harm." *Fay*, 668 F.2d at 378; *see also* 8th Cir. MJI § 6.18.113(6) (2018) (suggesting that assault with a dangerous weapon includes an element of "specific intent to cause bodily harm"). On the other hand, "[t]he elements of the 18 U.S.C. § 113(a)(6) offense of assault resulting in serious bodily injury are (1) an intentional assault that (2) results in serious bodily injury, committed (3) by an Indian and (4) within Indian Country." *United States v. Stymiest*, 581 F.3d 759, 766 (8th Cir. 2009). Unlike assault with a dangerous weapon, "assault resulting in serious bodily injury requires only a general intent to commit the acts of assault and not a specific intent to do bodily harm." *United States v. Ashley*, 255 F.3d 907, 911 (8th Cir. 2001).

Erickson fails to make an argument that overcomes this precedent. He asserts that "a successful assault with a deadly weapon will always yield an assault resulting in serious bodily injury." Docket 35 at 13. But it is easy to imagine a scenario where a victim is grazed by a knife, or conversely, where a

14

victim suffers a serious bodily injury inflicted without a dangerous weapon. Because this is not a winning argument, Erickson cannot show prejudice caused by his trial counsel's failure to raise it.

**D. Appellate Counsel Claim Six**

Erickson argues that appellate counsel's failure to argue for his actual innocence based on the facts constitutes ineffective assistance of counsel. Docket 1 at 8. Under *Strickland*, counsel's error must have a reasonable probability of affecting results to constitute prejudice. *Strickland*, 466 U.S. at 694. Erickson cites affidavits from Antoine and Kitteaux in which they claim that Erickson did not stab them and that they had no desire to testify or see Erickson prosecuted. Docket 1 at 10; *see* Dockets 1-1, 1-2. These affidavits were signed on March 1, 2010. Dockets 1-1, 1-2. Because Erickson's appeal was argued before the Eighth Circuit Court of Appeals on May 11, 2010, these affidavits were available to raise at appeal. *See Erickson*, 610 F.3d at 1049.

Erickson believes that affidavits from the victims claiming that he did not stab them suffice to show innocence. But these affidavits do not significantly differ from the victims' testimony at trial. *See* Cr. Docket 152 at 131-32, 147. Kitteaux testified that he could not tell who stabbed him because there was a curtain between himself and the assailant. *Id.* at 147. Antoine testified that he did not remember who stabbed him and Kitteaux and that he did not remember telling an FBI agent that Erickson stabbed him and Kitteaux. *Id.* at 131-32. Because Erickson's conviction was not based on testimony from either of these victims claiming that he assaulted them, affidavits swearing that he

15

did not assault them do not add significantly to the facts. This is before any consideration of the credibility of the affidavits. Thus, there is not sufficient evidence to suggest an argument of actual innocence had a reasonable probability of succeeding at appeal, and there is no prejudice to appellate counsel's failure to raise this argument.

## IV.    Innocence Claim

Erickson raises his innocence as a claim in his petition, but he has no avenue for relief. First, the Supreme Court has not acknowledged a freestanding claim of actual innocence as a means of habeas relief. *See Herrera v. Collins*, 506 U.S. 390, 427 (1993) (O'Connor, J., concurring) ("[T]he Court . . . appropriately reserves . . . the question whether federal courts may entertain convincing claims of actual innocence."). Instead, actual innocence has only been recognized as a gateway to overcome procedural default. *Id.* at 404. The Supreme Court has noted in a capital case that the burden for such a freestanding claim would be "extraordinarily high." *Id.* at 417; *see also United States v. Sanchez-Maldonado*, 2008 WL 4911853, at *4 (N.D. Iowa Nov. 14, 2008) (acknowledging that an actual innocence claim in a § 2255 petition would have to meet a very high burden). Erickson's showing of actual innocence does not meet this burden. Second, this claim is untimely because it relies on no new information beyond the affidavits of Antoine and Kitteaux from 2010. Thus, the one-year statute of limitations under § 2255(f) would have ran in 2011.

## V. Evidentiary Hearing

A court must order an evidentiary hearing "[u]nless the motion and files and records of the case conclusively show that the [petitioner] is entitled to no relief[.]" 28 U.S.C. § 2255(b); *see also Thomas v. United States*, 737 F.3d 1202, 1206 (8th Cir. 2013) ("Evidentiary hearings . . . are preferred, and the general rule is that a hearing is necessary prior to the motion's disposition if a factual dispute exists."). But a petition may be denied without a hearing if "(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995).

Here, an evidentiary hearing is not required because Erickson's allegations, even if true, would not entitle him to relief. Erickson's Eighth Amendment and actual innocence claims are untimely, and his ineffective counsel claims fail to show deficient performance and prejudice. Thus, Erickson's request for an evidentiary hearing is denied.

## CERTIFICATE OF APPEALABILITY

When a district court denies a petitioner's § 2255 motion, the petitioner must first obtain a certificate of appealability before an appeal of that denial may be entertained. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). This certificate may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A "substantial showing" is one that proves "reasonable jurists would find the district court's

assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Stated differently, "[a] substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Erickson has not made a substantial showing that his claims are debatable among reasonable jurists, that another court could resolve the issues raised in his claims differently, or that a question raised by his claims deserves additional proceedings. Thus, a certificate of appealability is not issued.

## CONCLUSION

Thus, it is ORDERED

1. Respondent's motion to dismiss (Docket 32) is granted.
2. Erickson's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (Docket 1) is denied without an evidentiary hearing.
3. A certificate of appealability is denied.

Dated August 1, 2019.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE